# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

PEDRO PEREZ-FUENTES,

        Petitioner,

vs.

DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT and
DEPARTMENT OF JUSTICE,

        Respondents.

No. 25-CV-175-CJW-KEM

**MEMORANDUM OPINION
AND ORDER**

_____

Petitioner Pedro Perez-Fuentes's Petition for Writ of Mandamus is before the Court. (Doc. 1). Respondents filed a motion to dismiss the petition. (Doc. 14). For the following reasons, the Court **grants** the motion to dismiss and **dismisses** petitioner's petition for writ of mandamus.

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). The writ may issue only in those exceptional circumstances amounting to a judicial usurpation of power." *Id.* at 35; *accord Will v. United States*, 389 U.S. 90, 95 (1967) ("[I]t is clear that only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy."

(internal quotation marks removed)).  In addition, "[i]n order for mandamus to lie the duty owed to the plaintiff must be ministerial and a positive command so plainly prescribed as to be free from doubt."  *Keeny v. Sec'y of the Army*, 437 F.2d 1151, 1152 (8th Cir. 1971).

"A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy."  *Castillo v. Ridge*, 445 F.3d 1057, 1060–61 (8th Cir. 2006); *see also Cheney v. U.S. Dist. Court for Dist. of Colum.*, 542 U.S. 367, 380 (2004) (listing the three conditions that must be satisfied before a court can issue a writ of mandamus).  "Further, whether a writ of mandamus should issue is largely a matter within the district court's discretion."  *Castillo*, 445 F.3d at 1061; *see also Kerr v. U.S. Dist. Ct. N. Dist. of Cal.*, 426 U.S. 394, 403 (1976).

"Federal courts lack the authority to issue a writ of mandamus to state courts under either the federal mandamus statute, 28 U.S.C. § 1361—which provides for the issuance of a writ of mandamus to federal officers and agencies—or, where mandamus is the only relief sought, the All Writs Act, 28 U.S.C. § 1651."  *Middlebrooks v. Thirteenth Judicial Dist. Cir. Court, Union Cnty.*, 323 F.2d 485, 486 (8th Cir. 1963) (quoting *Chambersel v. Florida*, 816 F. App'x 424, 425–26 (11th Cir. 2020) (per curiam)).  If an offender wishes to attack the validity of a prior state conviction or sentence, "the proper vehicle is a [state] habeas corpus action" in that state.  *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993).  The same is true of a challenge to the state conviction or sentence based on a Due Process Clause violation.  *See* Iowa Code § 822.2 (authorizing a post-conviction relief ("PCR") proceeding under a claim that "[t]he conviction or sentence was in violation of the Constitution of the United States or the constitution or laws of this state").

On September 13, 2012, a state court judge sentenced petitioner to life in prison on his conviction for first degree murder. *State v. Perez-Fuerte*,[1] FECR063686 (Dist. Ct. Marshall Cnty. 2006). Some of the facts in that case included the following:

> Perez–Fuentes and Laurie Reyes had lived together off and on in a rather volatile relationship since 2003. Perez–Fuentes was described by Reyes's friends and family as jealous, possessive, and controlling of Reyes. On April 2, 2003, Perez–Fuentes came at Reyes with a knife, pushed her down on the bathroom floor, and tried to choke her. Perez–Fuentes was arrested and convicted of domestic assault. Sometime later, a friend of Reyes overheard Perez–Fuentes threaten to kill Reyes if he ever found her with another man. On May 11, 2005, Reyes attempted to end the relationship. Perez–Fuentes removed his personal belongings from Reyes's apartment and returned her key. The following weekend, Reyes went to Des Moines with a friend, partied and had sex with another man, Manuel Ontiveros. During this weekend Perez–Fuentes told witnesses he knew Reyes had other boyfriends and attempted to determine who they were.
> On May 16, 2005, Reyes's body was discovered in her apartment. An autopsy established that Reyes had numerous bruises and scrapes over her body and had been strangled with an electrical cord between 8:00 a.m. and 11:00 a.m. that day.

*State v. Perez-Fuentes*, No. 06–1465, 2007 WL 4191962, at \*1 (Iowa Ct. App. Nov. 29, 2007). Petitioner appealed his conviction alleging issues regarding his motion to suppress, waiver of his *Miranda*[2] rights, Due Process concerns, and sufficiency of the evidence supporting the conviction; the Iowa Court of Appeals affirmed. *Id.*, at \*2–5. Petitioner has twice filed applications for postconviction relief ("PCR") in state court. The state district court dismissed both applications and the court of appeals affirmed.

---

[1] The Court is aware that the last name here is different than the last name on petitioner's filings before this Court and the Clerk of Court's captioning of this case. No one is challenging the identity of petitioner, and petitioner cites to this case, FECR063686, in his filing. For those reasons, the Court simply notes the discrepancies.

[2] Referring to *Miranda v. Arizona*, 384 U.S. 436, 473–76 (1966).

*Perez-Fuentes v. State*, No. 13–0024, 2014 WL 4929806, at \*2 (Iowa Ct. App. Oct. 1, 2014) (affirming the dismissal of petitioner's 2008 PCR application alleging ineffective assistance of trial counsel); *Perez-Fuentes v. State*, No. 15-0584, 2016 WL 4384490, at \*4–5 (Iowa Ct. App. Aug. 17, 2016) (affirming the summary dismissal of petitioner's 2014 PCR application as time-barred). Petitioner also challenged his detention in front of this Court, and this Court dismissed petitioner's claim. (15-cv-2, Doc. 22, at 3 (dismissing petitioner's pro se habeas corpus petition finding that "[h]is conclusory claims here have all been presented previously to the state courts, twice, which denied them, properly, according to state and federal law")).

Now serving his life sentence, petitioner filed the above-referenced document, captioned as a "Petition for Writ of Mandamus," in which he requests that the Court order Immigration and Customs Enforcement ("ICE") officials "to come to the Anamosa State Prison [("ASP")] and take custody of his person for removal from the United States back to Mexico, his country of origin." (Doc. 1, at 3).[3] Petitioner is not a United States citizen, and remains a citizen of Mexico. (*Id.*, at 1). Petitioner argues that because he signed voluntary deportation documents upon his arrival at ASP, the Court should allow him to voluntarily depart the United States by ordering ICE agents deport him as, according to petitioner, he has the right to be deported from the United States under federal law and not be further detained without due process. (*Id.*, at 1–2).

---

[3] The pro se document petitioner filed (Doc. 1) seems to be a form document that has recently been filed by several other litigants who are in Iowa state custody. *See, e.g.*, 25-CV-0145-LTS-KEM, 25-CV-0129-CJW-MAR. The arguments contained therein do not appear to be exclusive to Iowa. *See Hurtadodominguez v. United States*, No. 1:25-CV-00434-JLT-CDB (HC), 2025 WL 1400194, at \*1 (E.D. Cal. May 14, 2025) (denying a substantially similar petition for a writ of mandamus). Elsewhere, state prisoners have tried to raise the same argument via Title 28, United States Code, Section 2241. *Antonio-Hernandez v. Calloway*, No. 1:25-CV-00759-ACA-SGC, 2025 WL 3492382, at \*3 (N.D. Ala. Oct. 29, 2025), *report and recommendation adopted*, No. 1:25-CV-00759-ACA-SGC, 2025 WL 3490555 (N.D. Ala. Dec. 4, 2025) (denying the same argument but in the context of a habeas petition).

As support for his claim, petitioner references an executive order from President Donald Trump that directs all "ICE agents to locate and remove all criminal illegal aliens located in the United States." (*Id.*, at 1). Petitioner did not cite the executive order, but it is likely he is referencing Executive Order 14159 issued on January 20, 2025. Petitioner also references a memo sent by Iowa Governor Kim Reynolds directing that all Iowa Department of Public Safety and Department of Corrections officials assist ICE and turn over any "illegal criminal alien." (*Id.*, at 2). Petitioner did not cite to this state memo either, but it is likely that he is referring to the memo issued on January 17, 2025, to Stephan Bayens, Iowa Department of Public Safety commissioner, and Beth Skinner, director of the Iowa Department of Corrections.

Petitioner's claim here fails for two reasons. First, petitioner is unable to leave the United States to voluntarily return to Mexico because of his life sentence on his state court conviction. For that reason, what petitioner is really attacking is that state court sentence. His immigration detainer will only attach once he has served his entire state court sentence. *Orellana v. Nobles Cnty.*, 230 F. Supp. 934, 943 (D. Minn. 2017) (finding that an inmate is only released to ICE once they have satisfied the release conditions on their state court sentence). The Court cannot issue a writ of mandamus to allow petitioner to challenge the validity of his state sentence as the proper venue for that challenge is an application for PCR. The same is true of his claim that he is being held without due process. Petitioner, as stated above, has already filed two unsuccessful applications for PCR. Thus, petitioner fails to meet the third required element for a writ of mandamus, that he has no other adequate remedy.

Second, as respondents argue, petitioner has failed to establish a clear and indisputable right to the relief sought, and thus he also fails to meet the first required element. (Doc. 5-1, at 3–4). As stated by another court:

[p]etitioner asserts that he is entitled to relief under the Executive Order; however, that order neither grants [p]etitioner a right to relief (deportation or removal) nor imposes upon any of the [r]espondents an obligation to investigate [p]etitioner's immigration status and compel commencement of removal proceedings in the event [p]etitioner is deportable. Instead, the order merely directs [r]espondents to provide for "the efficient and expedited removal of aliens from the United States." This language implicates the quintessential discretionary functions of those executive agencies charged with investigating and enforcing the laws of the United States -- a court may not properly issue a writ of mandamus to compel the exercise of such discretionary duties. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (noting that the United States Supreme Court "has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.") (collecting cases).

*Hurtadodominguez v. United States*, No. 1:25-CV-00434-CDB (HC), 2025 WL 1150955, at *2 (E.D. Cal. Apr. 18, 2025), *report and recommendation adopted*, No. 1:25-CV-00434-JLT-CDB (HC), 2025 WL 1400194 (E.D. Cal. May 14, 2025). Petitioner relies on the same executive order as in *Hurtadodominguez*, so the analysis is the same. *See* Exec. Order 14159, § 23(c) ("This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.").

And, even if the order said what petitioner alleges it says, he does not have a right to leave the country to avoid serving his life sentence in state prison. *See Gonzalez v. U. S. Immigr. & Naturalization Servs.*, 867 F.2d 1108, 1110 (8th Cir. 1989) (finding no private right to an expeditious deportation proceeding by a state court inmate still serving his sentence and thus that a writ of mandamus was not available); *Herbage v. Carlson*, No. 92-1920, 1992 WL 323466, at *1 (8th Cir. Nov. 6, 1992) (per curiam) (summarily affirming the denial a "petition for a writ of habeas corpus seeking an immediate

deportation hearing" and citing to *Herbage*). Further, as noted above, the two documents cited by petitioner—the executive order and the memo—do not create such a right. Lastly, ICE has no authority to remove petitioner until he completes his state court sentence. 8 U.S.C. § 1231(a)(4)(A) ("the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment"). Therefore, the Court declines to exercise its discretion to issue a writ of mandamus as it finds petitioner has failed to demonstrate the required elements and this is not an extraordinary circumstance that merits one.

For the reasons stated, the Court **grants** respondents' motion to dismiss. (Doc. 14). Petitioner's Petition for Writ of Mandamus, (Doc. 1), is **dismissed**.[4]

**IT IS SO ORDERED** this 9th day of April, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

---

[4] As noted above, petitioner's claim could be construed as a challenge to his conviction that would need to be brought in a PCR action. To the extent, then, that petitioner's claim could be construed as one for habeas relief, the Court declines to grant him a certificate of appealability. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (stating, "[a] certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief."); *see also* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).